**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

GOLD STAR DISTRIBUTION, INC., and BASSAM ABU SAMRAH,

Defendants.

Case No. 26-cv-3976 (LMP/ECW)

**ORDER GRANTING MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE**

---

David Sullivan, **U.S. Department of Justice, Washington, DC**, for Plaintiff.

David Graham, **Gardner Law, Stillwater, MN,** for Defendants.[1]

Plaintiff United States of America brought this action on behalf of the Food and Drug Administration ("FDA") against Defendants Gold Star Distribution, Inc. and Gold Star's owner, Bassam Abu Samrah, to address Defendants' "repeated violations" of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 331–32 (the "Act"), and to enjoin further violations. ECF No. 1 ¶¶ 1, 29. Before the Court is a consent motion to approve a proposed consent decree. ECF No. 3. Because the proposed consent decree, ECF No. 3-1, is procedurally fair, reasonable, and consistent with governing law, the Court grants the motion and enters the consent decree.

---

[1] Although counsel has not appeared for Defendants here, the proposed consent decree is signed by counsel, ECF No. 3-1 at 22, and the civil cover sheet lists David Graham as Gold Star's attorney, ECF No. 1-1 at 1.

## BACKGROUND

Gold Star operates a warehouse where it receives, holds, and distributes food, drugs, devices, and cosmetics ("FDA-Regulated Products"), as well as other products not regulated by the FDA. ECF No. 1 ¶ 4. Between 2013 and 2025, the FDA and the Minnesota Department of Agriculture inspected the Gold Star facility multiple times, encountering "live and dead rodents, gnaw marks and package damage, rodent excrement, and signs of rodent nests," as well as urine stains, birds, worms, other pests, and animal filth. *Id.* ¶¶ 12, 17.

On September 11, 2026, the United States filed this action, alleging that Defendants have repeatedly violated the Act despite prior inspections and enforcement. *Id.* ¶¶ 11–29. The United States sought injunctive relief aimed at preventing continued violations of the Act and restricting Defendants from receiving, holding, or distributing FDA-Regulated Products until their facility conditions improve. *Id.* at 16–18.

The parties reached a settlement, and on September 14, 2026, the United States filed a consent motion seeking a consent decree. ECF No. 3. The consent decree would, among other provisions: (1) permanently enjoin Defendants from receiving, holding for sale, or distributing any FDA-Regulated Products until certain conditions are met; (2) require Defendants to destroy all FDA-Regulated Products in their custody, possession, or control; (3) require Defendants to impose procedures to prevent future violations, such as retaining an independent auditor; and (4) impose liquidated damages for each day that violations continue. *Id.* at 4–19.

## ANALYSIS

While a private settlement ordinarily need not be approved by a court, *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984), a court may take a role in cases where the parties jointly seek a consent decree and the decree would "protect federal interests," *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012). Consent decrees should "spring from—and serve to resolve—a dispute within the court's subject-matter jurisdiction; come within the general scope of the case from the pleadings; and[] further the objectives of the law on which the complaint was based." *Id.* The Court reviews a proposed consent decree for procedural fairness, reasonableness, and legal adequacy. *Ctr. for Biological Diversity v. Strommen*, 114 F.4th 939, 942–45 (8th Cir. 2024); *see also United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992) ("When reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy.").

### I. Procedural Fairness

Procedural fairness means "the negotiations must have been 'in good faith and at arm's length.'" *Ctr. for Biological Diversity*, 114 F.4th at 942 (quoting *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1020 (8th Cir. 2002)). "The candor, openness, and bargaining balance of the negotiations are factors to consider, but what matters in the end is whether there was fair play." *Id.* (citation modified).

Nothing suggests that the proposed consent decree is anything but the result of "fair play." The parties are represented by counsel and have been in communication regarding alleged insanitary conditions since at least December 2012, *see* ECF No. 1 ¶¶ 23–25.

During this period, the FDA has documented insanitary conditions, Defendants have committed to taking corrective action, and the FDA has "repeatedly warned Defendants" that not following through on reforms could lead to regulatory action. *Id.* ¶¶ 24–26. These negotiations, as well as those for this consent decree, appear to have been conducted at arm's length. The consent decree is, therefore, the result of a procedurally fair process. *See BP Amoco Oil PLC*, 277 F.3d at 1020 (granting decree in part because "[n]othing in the record suggests that the government and the settling defendants were not negotiating in good faith and at arm's length").

**II. Reasonableness**

Reasonableness, sometimes referred to as substantive fairness, asks whether (1) "the consent decree springs from and serves to resolve a dispute within the court's subject-matter jurisdiction," and (2) "whether the relief it provides comes within the general scope of the case made by the pleadings and furthers the objectives of the law upon which the complaint was based." *Ctr. for Biological Diversity*, 114 F.4th at 943 (citation modified).

The lawsuit pertains to alleged violations of the Act, "which raises a federal question that falls within the district court's subject-matter jurisdiction." *Id.* at 943–44. The United States alleges that Defendants have violated 21 U.S.C. § 331(k) by causing FDA-Regulated Products to become adulterated in insanitary conditions. ECF No. 1 ¶ 1. The proposed consent decree is consistent with the objectives of the Act because the provisions are "designed to curb future violations." *Ctr. for Biological Diversity*, 114 F.4th at 944. In particular, the proposed consent decree requires Defendants to improve the sanitary conditions of the Gold Star facility and to cease distribution of FDA-Regulated Products

until conditions improve. ECF No. 3 at 4–19. The consent decree is "a step in the right direction." *Ctr. for Biological Diversity*, 114 F.4th at 944 (citation modified). Because the dispute falls within the court's subject-matter jurisdiction, the proposed consent decree is within the scope of the pleadings, and the relief furthers the goals of the Act, the consent decree is substantively fair. In other words, the consent decree is reasonable.

**III. Legal Adequacy**

"The final consideration in approving a consent decree is whether the decree reflects the governing law." *EEOC v. Emp. Sols. Grp., LLC*, No. 19-cv-2315 (NEB/TNL), 2021 WL 6753649, at *2 (D. Minn. Nov. 2, 2021); *EEOC v. St. Cloud Area Fam. YMCA*, No. 24-cv-3738 (LMP/LIB), 2025 WL 1305153, at *2 (D. Minn. May 6, 2025) ("A consent decree, which requires St. Cloud YMCA to refrain from future sexual harassment and to implement adequate policies to ensure as much, therefore reflects Title VII's goals."); *see also Ctr. for Biological Diversity*, 114 F.4th at 945 (citation modified) (noting that "parties to a consent decree cannot agree to violate the law").

The consent decree here reflects the governing law. The Act prohibits the "introduction into interstate commerce of any food, drug, device, . . . or cosmetic product that is adulterated." 21 U.S.C. § 331(k). The United States alleges that Defendants did just that in receiving, holding, and distributing FDA-Regulated Products in an insanitary facility. *See* ECF No. 1 ¶¶ 11–29. Because it requires Defendants to refrain from future violations of the Act and to institute reforms to ensure compliance, the consent decree reflects the Act's goals.

## CONCLUSION

The proposed consent decree is procedurally fair, reasonable, and consistent with governing law. For these reasons and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the motion for entry of the consent decree (ECF No. 3) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 21, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge